UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OVIE IDISE,                                         **COMPLAINT**

                    Plaintiff,            Plaintiff Demands
    -against-                                  Trial by Jury

PONCE BANK, formerly known as
PONCE DE LEON FEDERAL BANK, and
PONCE DE LEON MORTGAGE
CORPORATION

                    Defendants.
------------------------------------------------------------X

Plaintiff by his attorneys, DeTOFFOL & ASSOCIATES, Attorneys at Law, upon information and belief, complains of the Defendants herein, alleging at all relevant and materials times and upon information and belief, as follows:

### Nature Of The Case

1. Plaintiff complains against Defendant for violations of the federal Families First Coronavirus Response Act ("FFCRA" - Pub. L. No. 116-127, 134 Stat. 178 (2020)); the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201 et. seq.); New York State Executive Law §296(6) and §296(7) based upon the supplemental jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966); Administrative Code of City of NY § 8-107 [1]; New York City Administrative Code Title 8-107(19); New York City Administrative Code Title 8, §8-107(l)(e); and New York City Administrative Code Title 8-107(13) and seeks damages to redress the injuries plaintiff has suffered as a result of defendants' retaliation, and wrongful termination.

1

**Jurisdiction & Venue**

2.     Jurisdiction of this action is conferred upon the Court insofar that this action involves a federal question under Families First Coronavirus Response Act ("FFCRA" - Pub. L. No. 116-127, 134 Stat. 178 (2020)); the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201 et. seq.).

3.     Venue is proper in this district under 28 U.S.C. §1391(b) and otherwise based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York, and Plaintiff was employed by Defendants within the Southern District of the State of New York.

4.     At all times, Plaintiff OVIE IDISE (hereinafter "Plaintiff" and/or "Mr. Idise") was and still is a citizen and resident of the County of Suffolk and State of New York.

5.     Defendant PONCE BANK (formerly known as "Ponce De Leon Federal Bank") is a foreign business corporation duly formed, organized, under the laws of the State of Florida and registered to do business in the State of New York.

6.     Defendant PONCE DE LEON MORTGAGE CORPORATION is a domestic business corporation duly formed, organized, and existing under the laws of the State of New York.

7.     At all times relevant, Defendant PONCE DE LEON MORTGAGE CORPORATION and PONCE BANK (hereinafter together "Defendant Employer") was and is a company subject to the recently enacted Families First Coronavirus Response Act ("FFCRA"), which itself comprises the Emergency Paid Sick Leave Act ("EPSLA") and the Emergency Family and Medical Leave Expansion Act ("EFMLEA").

8. Plaintiff was employed by the Defendant Employer Entity at 2244 Westchester Ave, Bronx, NY 10462 (hereinafter "Workplace").

**Facts Concerning Defendants' Unlawful Actions**

9. Plaintiff was employed with Defendant Employer as a senior underwriter at the Workplace for approximately two years, until his unlawful termination on or about May 21, 2020.

10. At all times, Rhonda Kalema (hereinafter "Supervisor") was a Supervisor for Defendant Employer, and Plaintiff's direct supervisor at the Workplace, with supervisory authority and hiring and firing capacity over Plaintiff.

11. At all times, Yanni Kouzilos hereinafter ("Senior Vice President") was the Senior Vice President for Defendant Employer, with supervisory authority and hiring and firing capacity over Plaintiff.

12. Throughout his employment with Defendant Employer, Plaintiff was a hard-working employee who performed his job well.

13. In early April 2020, Mr. Idise developed COVID-19 symptoms and was diagnosed with Covid-19 on April 6, 2020. Mr. Idise was ordered by his physician to quarantine for at least fourteen days.

14. On or about April 6, 2020, Mr. Idise informed Defendant Employer that he was required to quarantine himself for fourteen days because he had contracted Covid-19.

15. On or about April 7, 2020 Mr. Idise took leave until about April 21, 2020.

16. On or about April 21, 2020, Mr. Idise returned to the Workplace.

17. Immediately upon Mr. Idise's return to the Workplace, the Supervisor scolded and admonished Mr. Idise on numerous occasions because assigned projects were not completed during his Covid-19 necessitated medical leave.

18. In response to the aforementioned Supervisor complaints, Mr. Idise, on numerous occasions, explained to the Supervisor that the assigned projects were not completed because he was physically unable to work during his medical leave, as he was suffering from the symptoms of Covid-19.

19. The Supervisor ignored Mr. Idise's complaints of continued symptoms and responded that Mr. Idise was "strong," and therefore, his work should not be affected by said symptoms.

20. At all times, the Supervisor was aware that Mr. Idise suffered from a pre-existing condition, asthma, further exacerbating the dangerous symptoms of Covid-19.

21. In the days following Mr. Idise's return from leave, his Covid-19 symptoms returned, and therefore, in addition to needing a reasonable amount of time to complete the responsibilities backlogged by his absence during Covid-19 leave, Mr. Idise was struggling with continuous Covid-19 symptoms.

22. Mr. Idise informed the Supervisor of his need for a reasonable amount of time to complete the responsibilities that the Supervisor unlawfully expected to be completed by Mr. Idise during his leave.

23. Mr. Idise further informed the Supervisor that he continued to struggle with Covid-19 symptoms.

24. After unrelenting harassment by the Supervisor, Mr. Idise informed the Senior Vice President of the harassment and his ongoing Covid-19 symptoms.

25.     In response to Mr. Idise's complaint, the Senior Vice President offered to lighten Mr. Idise's workload in the future.

26.     No such accommodation materialized.

27.     On or about May 5, 2020, Mr. Idise's Covid-19 symptoms worsened and by order of his physician, Mr. Idise quarantined, requested leave, and took leave in accordance with the FFCRA.

28.     On May 20, 2020, Mr. Idise returned to the Workplace.

29.     On May 21, 2020, Defendant Employer unlawfully terminated Mr. Idise in retaliation for exercising his rights under the FFCRA (which incorporates the retaliation provisions of the FMLA and the FLSA).

30.     Plaintiff engaged in protected activity when he exercised and/or attempted to exercise his rights to leave under the FFCRA by, inter alia, informing Employer Defendant of his inability to report to work on the basis of a qualifying need related to a public health emergency, namely, that Plaintiff was advised by a health-care provider to self-quarantine due to COVID concerns and experiencing COVID-19 symptoms and seeking medical diagnosis.

31.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA and the FFCRA in terminating Plaintiff for not working on the assignments within his "pipeline" during his protected Covid-19 medical leave.

## Damages

32.     As a result of all of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

33. As a result of the Defendants' discriminatory treatment of Mr. Idise, he has suffered severe emotional distress.

34. As a result of the acts and conduct complained of herein, Mr. Idise has suffered and will continue to suffer the loss of past and future income in the form of salary, bonuses, benefits and other compensation which such employment entails.

35. As a result of the acts and conduct complained of herein, Mr. Idise has also suffered emotional severe emotional and physical distress, pain, suffering, inconvenience, loss of enjoyment of life, and other compensable non-pecuniary damages.

36. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, and as such, Plaintiff demands punitive damages as the Defendant.

## COUNT 1
## Violations of the Federal Families First Coronavirus Response Act ("FFCRA") & the Fair Labor Standards Act ("FLSA")

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

38. Effective April 1, 2020, the federal Emergency Paid Sick Leave Act of the FFCRA provides for temporary paid sick leave for COVID-19 related absences.

39. Retaliation for asserting rights under the FFCRA violates the FLSA.

40. The FFCRA prohibits employers from discharging, disciplining, or discriminating against any Employee because such Employee took Paid Sick Leave under the Emergency Paid Sick Leave Act, which is a part of the FFCRA.

41. The FFCRA has expressly identified that enforcement of and all penalties arising from violations of the Emergency Paid Sick Leave Act shall be governed by relevant sections of the FLSA, as set forth in more detail below.

42. Under the FFCRA, an employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C.S. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C.S. 216, 217.29 C.F.R. § 826.150(b)(2).

### Relief

WHEREFORE, Plaintiff respectfully demands against Defendants on each and every respective Count:

(a) An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to economic damages for lost past back pay and future front pay wages and attendant benefits;

(b) An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to past and future non-economic damages for humiliation, pain and suffering and emotional distress sustained;

(c) An award to Plaintiff of the costs of this action, including their reasonable attorney's fees to the fullest extent permitted by law;

(d) An award of punitive damages in an amount to be determined at trial; and

(e) Such other and further relief as this Court deems necessary and proper.

### Jury Demand

Plaintiff requests a jury trial on all issues to be tried.


*Joshua Gittleman*
Joshua Gittleman, Esq.
DeTOFFOL & ASSOCIATES, Attorneys at Law
125 Maiden Lane – Suite 5C
New York, New York  10038
Tel. (212) 962-2220
Attorneys for Plaintiff